MEMORANDUM *** 1. In analyzing an anti-SLAPP motion under California law, we first ask whethér defendants demonstrated that “the challenged cause[s] of action ... aris[e] from protected activity.” Equilon Enters. v. Consumer Cause, Inc., 29 Cal.4th 53, 124 Cal.Rptr.2d 507, 52 P.3d 685, 694 (2002). First American’s cooperation with law enforcement and Dalton’s testimony at trial qualify as protected activities. See Cal. Code Civ. Proc. § 425.16(e); Dickens v. Provident Life & Accident Ins. Co., 117 Cal. App. 4th 705, 714, 11 Cal.Rptr.3d 877 (2004). Next, we consider whether “plaintiff has demonstrated a probability of prevailing on the claim[s].” Equilon Enters., 124 Cal.Rptr.2d 507, 52 P.3d at 694. Fallay hasn’t done so here. First, he can’t establish malicious prosecution because the trial “was brought with[ ] probable cause,” Soukup v. Law Offices of Herbert Hafif, 39 Cal.4th 260, 46 Cal.Rptr.3d 638, 139 P.3d 30, 51 (2006), and because there’s no evidence that First American initiated the proceedings against him.. Second, Fallay didn’t raise claims for abuse of process or civil conspiracy below and thus waived them. Third, the claims under Cal. Civ. Code sections 51.7 and 52.1 fail since neither First American nor Dalton plausibly engaged in threatening conduct. See Gabrielle A. v. Cty. of Orange, 10 Cal. App. 5th 1268, 1290-91, 217 Cal.Rptr.3d 275 (2017); Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67, 183 Cal.Rptr.3d 654 (2015). Fourth, Falla/s breach of contract claim lacks merit because he hasn’t identified which provision of his insurance agreement First American violated. See Cal. Physicians’ Serv. v. Garrison, 28 Cal.2d 790, 172 P.2d 4, 12 (1946). Fifth, the intentional infliction of emotional distress claim is unlikely to succeed because defendants’ conduct wasn’t “beyond all possible bounds of decency.” Cochran v. Cochran, 65 Cal. App. 4th 488, 496, 76 Cal.Rptr.2d 540 (1998) (internal citation and quotation marks omitted). 2. The “prevailing defendant on a special motion to strike shall be entitled to recover his ... attorney’s fees and costs.” Cal. Civ. Proc. Code § 425.16(c)(1). The district court thoroughly reviewed First American’s requested fees and costs and awarded only those amounts related to the state law claims. There was no abuse of discretion. AFFIRMED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.